UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD LYNN RANDALL,<br><br>   Plaintiff,<br><br>   v.<br><br>E. ARNOLD, et al.,<br><br>   Defendants. | No. 2:15-cv-1711-EFB P<br><br>ORDER GRANTING IFP, DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND DENYING MOTIONS FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a motion for a protective order, and a motion for injunctive relief.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III. Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint names eleven defendants and includes the following "Statement of Claim":

> All defendants conspired against petitioner by knowingly and willingly participating in a scheme to extort private property from defendant without probable cause and by use of force, threats, fraud, menace, duress and without consent or consideration or understanding. Failing at that the defendants attempted to punish petitioner via inconscionable disciplinary proceedings void of full disclosure, fairness, consent and understanding and used falsified documents to accomplish that outcome and strip petitioner of his inalienable rights. Defendants wore the hat of contractors and debt collectors while being totally insubordinate to the laws, maxims and principle that govern those practices. All oaths, duties and humanity while adhering to a code of silence and harassment and retaliation against the victim/petitioner. See Affidavit for details of each defendants involvement.

ECF No. 1, § IV. In his affidavit, plaintiff explains that he refused defendant Cortez's request for a urine sample because plaintiff's urine is his "private property" and Cortez did not have a warrant to search it. Plaintiff also alleges that Cortez issued a rules violation report against plaintiff because of plaintiff's refusal. Plaintiff claims that defendants Cortez and Day wrote false statements in the rules violation report. Plaintiff refers to these alleged actions as "unconscionable debt collection practices." Plaintiff claims to have made several supervisory defendants aware of such "unconscionable debt collection practices," but they allegedly failed to respond.

Plaintiff does not identify any specific claims for relief, and the court cannot identify any cognizable claims for purposes of § 1915A screening. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

1    Plaintiff appears to be complaining about the requirement that he submit to a urine test,
2 which is considered a "search" for Fourth Amendment purposes. *Skinner v. Railway Labor*
3 *Executives' Assn.*, 489 U.S. 602, 617 (1989). In order for a prisoner to state a claim that a search
4 violates the Fourth Amendment, he must allege an intrusion that was unreasonable in relation to
5 its purpose. *See, e.g., Jordan v. Gardner*, 986 F.2d 1521, 1534-40 (9th Cir. 1988). Here, plaintiff
6 has not identified the purpose of the urine test or alleged that the test was unreasonable in relation
7 to its purpose. The U.S. Court of Appeals for the Ninth Circuit has determined that obtaining
8 urine tests from prisoners in order to search for drugs is reasonably related to the prison officials'
9 legitimate penological interest in keeping drugs out of prison. *See Thompson v. Souza*, 111 F.3d
10 694, 700 (9th Cir. 1997).

11   Plaintiff also appears to complain that the rules violation report issued against him
12 contained inaccurate statements. However, maintenance of an inaccurate record, without more, is
13 not sufficient to state a claim of constitutional injury under the Due Process Clause. *See Paul v.*
14 *Davis*, 424 U.S. 693, 711-12 (1976). To state a claim for violation of the right to procedural due
15 process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected
16 liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v.*
17 *Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a
18 liberty interest is at stake, due process requires that "some evidence" support the disciplinary
19 decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1)
20 advance written notice of the disciplinary charges; (2) an opportunity, when consistent with
21 institutional safety and correctional goals, to call witnesses and present documentary evidence in
22 his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons
23 for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

24   Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable
25 legal theory against a proper defendant and sufficient facts in support of that cognizable legal
26 theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must
27 afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
28 Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. L.R. 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between

1   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*
2   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).
3   Plaintiff may not sue any official on the theory that the official is liable for the
4   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
5   Plaintiff must identify the particular person or persons who violated his rights.  He must also
6   plead facts showing how that particular person was involved in the alleged violation.

7   Claims for damages against the state, its agencies or its officers for actions performed in
8   their official capacities are barred under the Eleventh Amendment, unless the state waives its
9   immunity.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of*
10  *State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official
11  capacities are persons under § 1983).  Section 1983 does not abrogate the states' Eleventh
12  Amendment immunity from suit.  *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).  *See also*
13  *Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits
14  against state officials sued in their individual capacities, nor does it bar suits for prospective
15  injunctive relief against state officials sued in their official capacities).

16  There are no constitutional requirements regarding how a grievance system is operated.
17  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of
18  a liberty interest in the processing of his appeals does not violate due process because prisoners
19  lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff
20  may not impose liability on defendants simply because they played a role in processing plaintiff's
21  inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative
22  "grievance procedure is a procedural right only, it does not confer any substantive right upon the
23  inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural
24  protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any
25  of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations
26  omitted)).

27  The Eighth Amendment protects prisoners from inhumane methods of punishment and
28  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care."  *Farmer*, 511 U.S. at 832-33.

**IV.     Plaintiff's Motions for Protective Order and Injunctive Relief**

Over a month after filing his complaint, plaintiff requested a protective order to have the "secret information" contained within his complaint "handled in chambers."  ECF No. 9.  That motion is denied because it fails to comply with the requirements set forth in Local Rule 141.1(c).  Further, to the extent that plaintiff is seeking some form of a sealing order, he fails to comply with Local Rule 141.

Plaintiff also seeks injunctive relief.  However, plaintiff fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2]  At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits.  *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir.1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir.1982).   As discussed above, plaintiff's complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim.   Accordingly, plaintiff's motion must be denied.

/////

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ⸺ U.S. ⸺⸺, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

**V.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 7, 8) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for a protective order (ECF No. 9) is denied.
4. Plaintiff's request for injunctive relief (ECF No. 10) is denied.
5. The complaint is dismissed with leave to amend within 30 days.  The complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  August 18, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE